J-S15023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRELL WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1599 EDA 2025 |

Appeal from the PCRA Order Entered March 26, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000911-2007

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 21, 2026**

Jerrell Washington (Appellant) appeals from the order dismissing, as untimely filed, his third petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  After careful review, we affirm.

On July 24, 2005, Appellant, Antoine Chamberlain (Chamberlain), and Travis Truitt (Truitt) were riding in a Dodge Magnum (the vehicle) in Philadelphia, searching for Antoine Hall (Hall).  Chamberlain and Truitt were riding in the front of the vehicle, and Appellant was in the back seat.  Upon finding Hall, Appellant fired shots toward Hall from the vehicle's back seat.  Appellant missed and instead struck and killed a bystander (the victim).

The three hastily abandoned the vehicle, which the police found in the ensuing hours.  Relevantly, when first speaking with the police, Truitt stated

_____

[*] Former Justice specially assigned to the Superior Court.

that the vehicle had been carjacked.  However, in a subsequent interview with Philadelphia Police Detective David Baker (Detective Baker), Truitt admitted that he had lied.  Truitt then provided a statement to Detective Baker, alleging that he was in the vehicle at the time of the shooting, and Appellant fired a gun in the direction of an unidentified individual.

Appellant was ultimately arrested and charged in connection with the shooting.  On April 29, 2010, a jury convicted Appellant of first-degree murder, criminal conspiracy, and possession of an instrument of crime.[1]  The trial court immediately sentenced Appellant to an aggregate term of life imprisonment.  This Court affirmed the judgment of sentence on December 30, 2011.  *Commonwealth v. Washington*, 40 A.3d 206, 1478 EDA 2010 (Pa. Super. 2011) (unpublished memorandum).  The Pennsylvania Supreme Court denied allowance of appeal on May 15, 2012.  *Commonwealth v. Washington*, 44 A.3d 1162 (Pa. 2012).  Appellant did not seek review by the United States Supreme Court.

On February 26, 2013, Appellant, *pro se*, timely filed a first PCRA petition.  The PCRA court appointed Appellant counsel (first PCRA counsel).  After several continuances, first PCRA counsel filed an amended PCRA petition on Appellant's behalf.  Following additional continuances, first PCRA counsel

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, 907.

filed a motion to withdraw from representation and a **Turner**/**Finley**[2] no-merit letter.  The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907.  On June 5, 2018, the PCRA court granted first PCRA counsel permission to withdraw and dismissed Appellant's petition.  Appellant filed a timely *pro se* appeal.  However, this Court subsequently dismissed the appeal due to Appellant's failure to file an appellate brief.

On March 21, 2019, Appellant, *pro se*, filed a second PCRA petition. Appellant subsequently retained Todd Mosser, Esquire (Attorney Mosser), to represent him during the PCRA proceedings.  Attorney Mosser filed an amended PCRA petition, requesting the PCRA court to reinstate Appellant's right to appeal, *nunc pro* tunc, from the dismissal of his first PCRA petition. The PCRA court conducted evidentiary hearings, after which it dismissed Appellant's petition as untimely filed on January 10, 2022.  Appellant did not file an appeal.

On November 21, 2023, Appellant, *pro se*, filed the instant PCRA petition, his third.  Therein, Appellant identified a previously unknown eyewitness to the shooting, Christina Smith (Smith).  Third PCRA Petition, 11/21/23, at 3, 6-8.  Appellant attached to his PCRA petition an affidavit, which Smith executed on January 21, 2023, during an interview with

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's private investigator. In her affidavit, Smith claimed she witnessed the shooting and identified Truitt as the perpetrator. *See id.*, Exhibit A (Smith Affidavit).

Additionally, Appellant claimed that the Commonwealth failed to "disclose evidence of official misconduct committed by [Detective Baker]." *Id.* at 4. Appellant attached to his PCRA petition a copy of a March 24, 2023, newspaper article detailing misconduct by Detective Baker in an unrelated criminal case. *Id.*, Exhibit D. Appellant also attached a police misconduct disclosure notice concerning Detective Baker, related to a separate and unrelated criminal case. *Id.*, Exhibit C-2. Appellant asserted that "the pattern and practices of Detective Baker ha[ve] been revealed…." *Id.* at 13.

The Commonwealth did not file a response.[3]

On February 24, 2025, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's third petition without a hearing. Attorney Mosser entered his appearance on behalf of Appellant on March 18, 2025. On March 26, 2025, the PCRA court dismissed Appellant's petition as untimely filed.

_____

[3] Appellant also challenged trial counsel's effectiveness based on counsel's failure to, *inter alia*, call Smith as a trial witness. Appellant has abandoned this claim on appeal.

Thereafter, on June 4, 2025, Appellant filed a *pro se* notice of appeal.[4, 5]

Appellant raises the following issues for review:

1. Did the [PCRA] court err in dismissing Appellant's [third] PCRA petition as untimely on the basis that Appellant's newly discovered [fact] claim, the statement of [Smith] that she witnessed [Truitt] commit the murder for which Appellant was convicted, did not satisfy the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii) because the court found that Appellant had prior knowledge of the fact that

---

[4] On August 26, 2025, this Court issued a rule (RTSC) upon Appellant to show cause as to why this appeal should not be quashed as untimely. RTSC Order, 8/26/25 (citing Pa.R.A.P. 903(a) ("the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken.")). Attorney Mosser filed a response, asserting that he had planned to file an amended PCRA petition on Appellant's behalf, but that his appearance was removed from the docket. Response to RTSC, 9/8/25. Therefore, Attorney Mosser averred, he did not receive notice of the PCRA court's dismissal order. *Id.* This Court subsequently discharged the RTSC and referred the issue to the merits panel.

Instantly, the docket confirms that Attorney Mosser entered his appearance on March 18, 2025, before the PCRA court dismissed Appellant's PCRA petition. Nevertheless, the PCRA court's dismissal order reflects service by certified mail <u>only</u> to Appellant. PCRA Court Order, 3/26/25; **see also** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented."). We also note that on May 15, 2025, Appellant filed *pro se* correspondence in the PCRA court, requesting an extension of time to file a notice of appeal, as he had not been able to contact Attorney Mosser. Under these circumstances, where counsel of record was not served with the PCRA court's dismissal order, we conclude that the untimely appeal was the result of a breakdown in the judicial process. **See** Pa.R.Crim.P. 114(B)(1); **see also Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) (stating that an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the [PCRA] court."). We therefore decline to quash the instant appeal.

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, nor did Appellant file one.

[Truitt] shot and killed the victim in the case but the court ignored the fact that Appellant had no prior knowledge that [Smith] was an eyewitness to Truitt's crime and could not have learned [of] it through the exercise of due diligence?

2. Did the [PCRA] court err in dismissing Appellant's PCRA petition as untimely on the basis that Appellant's governmental interference claim did not satisfy the requirements of 42 Pa.C.S.A. § 9545(b)(1)(i) because Appellant did not prove that the Commonwealth actually suppressed the misconduct records of [Detective Baker], even though Appellant provided the PCRA court with documents showing that the Commonwealth actually possessed evidence of [Detective Baker's] misconduct in two separate cases at the time that it prosecuted Appellant in 2010 and did not produce those records to Appellant?

Appellant's Brief at 2-3.

"Our standard of review from the … denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Geer**, 936 A.2d 1075, 1077 (Pa. Super. 2007).

Preliminarily, we must address the timeliness of Appellant's PCRA petition. Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgement becomes final…." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United Sates and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9544(b)(3). The

PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. **Commonwealth v. Rienzi**, 927 A.2d 369, 371 (Pa. 2003).

Here, Appellant's judgment of sentence became final in August 2012, when the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. **See** U.S. SUP. CT. R. 13. Because Appellant filed the instant PCRA petition over 10 years after his judgment of sentence became final, the petition is patently untimely.

However, Pennsylvania courts may exercise jurisdiction over an untimely PCRA petition if the petitioner can plead and prove one of the following three exceptions to the PCRA's timeliness requirement:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition filed pursuant to one of these exceptions must be filed within one year of the date the claim could have been presented. **Id.** § 9545(b)(2). The petitioner has the burden of alleging and

proving that one of the timeliness exceptions applies. ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

In his first claim, Appellant invokes the newly-discovered fact exception set forth at subsection 9545(b)(1)(ii). ***See*** Appellant's Brief at 6-13. In particular, Appellant argues that he was previously unaware that Smith had witnessed the shooting and could identify Truitt as the shooter. ***Id.*** at 8; ***see also id.*** at 11-12 (Appellant asserting he did not learn that Smith had witnessed the shooting until September 16, 2022, when Smith attended a fish fry hosted by Appellant's family to raise money for his legal fees). Additionally, Appellant claims Smith provided new information, *i.e.*, that Truitt and Hall had an ongoing dispute, and thus, that Truitt had a motive to kill Hall. ***Id.*** at 8.

To establish the newly-discovered fact exception, the petitioner bears the burden of pleading and proving two prongs: "(1) the facts upon which the claim was predicated were unknown[;] and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Importantly, the newly-discovered fact exception "focuses on newly discovered *facts*, not on a newly discovered or a newly willing source for previously known facts." ***Commonwealth v. Johnson***, 863 A.2d 423, 427 (Pa. 2004) (emphasis original).

Here, the PCRA court concluded that Appellant failed to establish the newly-discovered fact exception, reasoning as follows:

> As Smith maintains that [Appellant] was in the company of Truitt at the time of the killing, [Appellant] falls short of demonstrating his unawareness of Truitt's actions. [Appellant's] presence alongside Truitt indicates some familiarity or relationship between the two men. In fact, Smith alleges that [Appellant] called her cell phone shortly after the incident, stating that [] Hall had been shot. Smith then avers that [] Chamberlain, also present with Truitt at the time of the killing, interjected to berate [Appellant] for bringing Truitt along with them. This provides further indication of [Appellant's] prior personal knowledge. Therefore, as [Appellant] does not demonstrate that Truitt's alleged actions constitute a fact not within his prior personal knowledge, [Appellant] has not satisfied the newly-discovered fact exception.

PCRA Court Opinion, 3/26/25, at 2 (unnumbered) (citations omitted). Alternatively, the PCRA court concluded that even if the purported new "fact" was Smith's observation of the shooting, Appellant improperly offered a newly-discovered source, rather than a newly-discovered fact. *Id.* at 2 n.6 (unnumbered).

Our review discloses that the PCRA court's findings are supported by the record, and its legal conclusions are sound. We agree with the PCRA court that Appellant failed to identify any fact previously unknown to him. Indeed, the content of Smith's affidavit belies Appellant's assertion that he was previously unaware that Smith witnessed the shooting. Third PCRA Petition, 11/21/23, Exhibit A (Smith Affidavit) (Smith describing her conversation with Appellant shortly before the shooting, and indicating that Appellant was sitting in the front passenger seat of the vehicle); *see also id.* (Smith alleging that Appellant called her *immediately after the shooting* and said, "This mother-

f…ker just shot at the boy…. He was shooting out the window!").[6] Smith's affidavit is, at best, a newly discovered or newly willing source for previously known facts. *See Johnson*, 863 A.2d at 427. Accordingly, Appellant failed to establish the newly-discovered fact exception to the PCRA's timeliness requirement.

In his second claim, Appellant invokes the governmental interference timeliness exception set forth at subsection 9545(b)(1)(i). *See* Appellant's Brief at 13-17. Appellant asserts that the only evidence connecting him to the murder was Truitt's statement, taken by Detective Baker and without the presence of counsel. *Id.* at 15. Appellant claims that the Commonwealth "failed to disclose *Brady*[7] material to Appellant," including "misconduct records for [Detective Baker,] at the time of Appellant's trial." *Id.* at 13. Appellant avers that the Commonwealth's "failure to produce this exculpatory evidence … was a clear *Brady* violation." *Id.* at 17.

"To plead and prove the governmental interference exception, [the petitioner] must show 'the failure to raise the claim previously was the result of interference by government officials.'" *Commonwealth v. Reeves*, 296 A.3d 1228, 1231 (Pa. Super. 2023) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)). "In other words, [the petitioner] is required to show that but for the

_____

[6] Moreover, Appellant's assertion, in his *pro se* PCRA petition, that trial counsel was ineffective for failing to call Smith, a "material" witness, suggests he was previously aware that Smith was an eyewitness.

[7] *Brady v. Maryland*, 373 U.S. 83 (1963).

interference of a government actor[,] he could not have filed his claim earlier." ***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018) (citation omitted). Our Supreme Court has explained that "a ***Brady*** violation may fall within the governmental interference exception." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Instantly, the PCRA court concluded that Appellant failed to successfully invoke the governmental interference exception. Specifically, the PCRA court determined that Appellant "has not substantiated or purported actual suppression or withholding by the Commonwealth of the records of prior misconduct" by Officer Baker. PCRA Court Opinion, 3/26/25, at 2 (unnumbered). "Rather, [Appellant] has only demonstrated that such records of prior misconduct exist, which alone does not corroborate the Commonwealth's alleged withholding or suppression of this information." ***Id.*** (unnumbered).

Though Appellant vaguely suggests in his appellate brief that Detective Baker questioned Truitt without the presence of counsel, Appellant made no allegation of police misconduct in his PCRA petition. Instead, he baldly alleged he is entitled to a new trial "now that the pattern and practices of Detective Baker ha[ve] been revealed…." Third PCRA Petition, 11/21/23, at 13.[8] At

_____

[8] Claims concerning a police officer's "pattern and practice" of misconduct are more commonly raised under the newly-discovered fact exception to the PCRA's time-bar. ***See, e.g.***, ***Reeves***, 296 A.3d at 1231-34 (addressing the appellant's invocation of the newly-discovered fact exception based on a

*(Footnote Continued Next Page)*

- 11 -

most, Appellant has established the fact that Detective Baker previously had been investigated for misconduct in an unrelated case. Appellant fails to plead and prove that the Commonwealth interfered with his ability to raise any purported claim related to Detective Baker's misconduct. Thus, Appellant is not entitled to relief on this claim.

Because Appellant's third PCRA petition is facially untimely, and he failed to establish any timeliness exception to the PCRA's jurisdictional time bar, the PCRA court properly dismissed his petition.

Order affirmed.

P.J.E. Stevens joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026

_____

newspaper article detailing prior, unrelated misconduct by detectives involved in his case, and concluding the appellant failed to identify any new information in his own case). To the extent Appellant intended to assert Detective Baker's history of misconduct as a newly-discovered fact, he is not entitled to relief, as he failed to identify new information pertinent to his own case. *See id.*